IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | No.: 13-cv-5265 |
| | : | |
| SHERRY LEE ZERA, | : | |
|     Defendant. | : | |

**M E M O R A N D U M**

**SITARSKI, M.J.**                                                                                            **April 23, 2014**

In this mortgage foreclosure action, Plaintiff United States of America, on behalf of its agency, United States Department of Agriculture, Rural Housing Service, has sued Defendant Sherry Lee Zera to recover amounts due and owing under a promissory note and mortgage. Presently before the court is Plaintiff's Motion for Summary Judgement. For the following reasons, the motion will **GRANTED**.

**I.     FACTUAL BACKGROUND**

On September 8, 2005, Defendant secured a loan from Plaintiff in the amount of $177,700.00 pursuant to Title V of the Housing Act of 1949, 42 U.S.C. § 1471. (Compl. ¶ 3, Ex. A). Pursuant to the terms of the promissory note executed by Defendant, the loan was to be repaid with interest at specified rates over a certain number of years. (Compl. Ex. A). As security for the loan, Defendant executed a mortgage covering real property located at 1435 Limeport Pike, Coopersburg, PA 18036, which was recorded with the Lehigh County Office of the Recorder of Deeds on September 20, 2005. (Compl. ¶¶ 5-7, Ex. B ("Mortgage")). On November 13, 2012, Plaintiff notified Defendant that she was in monetary default as a result of

Defendant's failure to pay monthly installments on the loan, and that Plaintiff had elected to accelerate Defendant's indebtedness. (Compl. Ex. D).

On September 10, 2013, Plaintiff commenced the instant mortgage foreclosure action with the filing of a Complaint. (*See* Compl., Doc. No. 1). On December 3, 2013, Defendant filed an Answer with new matter and two affirmative defenses. (Def. Ans., Doc. No. 3). On February 12, 2014, Plaintiff filed the instant "Motion for Summary Judgment" and accompanying "Memorandum in Support." (Pl. Mot., Doc. Nos. 12-14). By letter dated April 1, 2014, Defense counsel informed this Court that Defendant would not be filing a response to Plaintiff's Motion.

## II.     STANDARD OF REVIEW

Local Rule of Civil Procedure 7.1(c) provides that Federal Rule of Civil Procedure 56 governs unopposed motions for summary judgment.[1] *United States v. Groff*, No. 05-5026, 2006 U.S. Dist. LEXIS 47331, at *4 (E.D. Pa. July 13, 2006) (citing E.D. Pa. Civ. P. R. 7.1(c)). Pursuant to Rule 56, summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An

---

[1] As noted above, Defendant has decided not to filed a response to the instant motion, and thus it is unopposed. However, the court must still analyze the merits of the motion to determine whether summary judgment is appropriate. *United States v. Harding*, No. 13-564, 2013 U.S. Dist. LEXIS 108709, at *4 n.3 (M.D. Pa. Aug. 2, 2013) (citing *Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993)).

issue is "genuine" if there is sufficient evidence from which a jury could find in favor of the non-moving party. *Id.* It is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations. Rather, the court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir. 1987). If a conflict arises between the evidence presented by both sides, the court must accept as true the allegations of the non-moving party, and "all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). Once the moving party carries this initial burden, the non-moving party must "come forward with specific facts showing there is a genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. The non-moving party must present something more than mere allegations, general denials, vague statements, or suspicions. *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992); *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). Instead, the non-moving party must present specific facts and "affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50. If the non-moving party has the burden of proof at trial, then that party must establish the existence of each element on which it bears the burden. *Celotex Corp.*, 477 U.S. at 322-23.

**III.     DISCUSSION**

In this mortgage foreclosure action, the Government has the burden of proof to show "the existence of an obligation secured by a mortgage, and a default on that obligation."  *Groff*, 2006 U.S. Dist. LEXIS 47331, at *8 (citing *Chemical Bank v. Dippolito*, 897 F. Supp. 221, 224 (E.D. Pa. 1995)).

Plaintiff has set forth evidence of an obligation in the form of a promissory note, which establishes that Defendant was obligated to repay a loan in the amount of $177,700.00 in monthly installments.  (See Doc. No. 14-1 at 8 ("Promissory Note")).  This obligation was secured by a mortgage on real property located at 1435 Limeport Pike in Coopersburg, PA.  (Doc. No. 14-1 at 1 ("Mortgage")).

In her Answer to the Complaint, Defendant denies that any funds are owed to Plaintiff or that there was a default.  However, in support of the motion for summary judgment, Plaintiff has produced a full payment history and an affidavit from a Foreclosure Representative, which establishes that Defendant defaulted by failing to pay the required monthly installments on August 8, 2012, and continuing each month thereafter.  (*See* Doc. No. 14-1 at 17-25 (Payment History)).  Defendant has failed to set forth any evidence that would create a genuine issue of fact regarding the default of an obligation secured by a mortgage, and it is well settled that denials set forth in the pleadings are not, by themselves, sufficient to defeat summary judgment.  *See Bhatla v. U.S. Capital Corp.*, 990 F.2d 780, 787 (3d Cir. 1993) ("[t]o defeat summary judgment, [the non-moving party] cannot reset simply on the allegations in the pleadings, but must rely on affidavits, depositions, answers to interrogatories, or admissions on file.") (internal quotations omitted); *see also Harding*, 2013 U.S. Dist. LEXIS 108709, at *9 n.4 (granting

unopposed motion for summary judgment in mortgage default case, and noting that denials in the Answer were not sufficient to create a genuine issue of fact for purposes of summary judgment).

Accordingly, the Court concludes that Plaintiff has clearly met their summary judgment burden by showing that Plaintiff loaned $177,700.00 to Defendant, Defendant conveyed a mortgage to Plaintiff as security for the loan, and Defendant has defaulted on that loan. *See United States v. Abell*, No. 09-715, 2012 U.S. Dist. LEXIS 2096 (M.D. Pa. Jan. 9, 2012) (the plaintiff in mortgage foreclosure action entitled to summary judgment when undisputed facts showed that the plaintiff loaned a specific amount of money to the defendants, the defendants executed a mortgage as security for the loan, and the defendants defaulted on that loan). Consequently, Plaintiff is "entitled to judgment at this state unless [Defendant] can raise a disputed issue of material fact regarding [a] defense." *United States v. Asken*, No. 01-0026, 2002 U.S. Dist. LEXIS 22264 (E.D. Pa. Oct. 28, 2002) (citation omitted).

In her Answer, Defendant set forth two affirmative defenses:

(1) Plaintiff's claims may be barred for failure of consideration in as much as named Plaintiff has failed to prove valid ownership of any right to collect funds from Defendant.

(2) Plaintiff's claims are barred for fraud or illegality in as much as named Plaintiff has failed to [sic] any right to collect funds from Defendant.

(Def. Ans. at 3). Defendant has not set forth any evidence to support her affirmative defenses, and any reliance on the bald allegations set forth in her Answer are not sufficient to create a genuine issue of material fact to defeat summary judgment. *Bhatla* 990 F.2d at 787. Indeed, Plaintiff has produced an affidavit from a Foreclosure Representative and the mortgage itself,

both of which establish Plaintiff's ownership of the right to collect funds from Defendant.[2] (*See*

Doc. No. 14). Accordingly, because Plaintiff has established the "the existence of an obligation

secured by a mortgage, and a default on that obligation," *Chemical Bank*, 897 F. Supp. at 224,

and Defendant has not produced any evidence to create a genuine issue of fact as to her defenses,

Plaintiff is entitled to judgment as a matter of law. *See Aiken*, 2002 U.S. Dist. LEXIS 22264

(granting summary judgment when the plaintiff submitted evidence demonstrating defendants'

mortgage and default and the defendants failed to raise an issue of material fact regarding a

defense to foreclosure).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED**.  An appropriate Order follows.

BY THE COURT:

  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

---

[2] The Mortgage provides: "[t]his Security Instrument is given to the United States of America acting through the Rural Housing Service or successor agency, United States Department of Agriculture." (Doc. No. 14-1 at 1 ("Mortgage")). The Mortgage goes on to state that it secures to Plaintiff, *inter alia,* "the repayment of the debt evidenced by the Note, with interest." (*Id.*)